**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 13-47494-NHL |
| Evergreen International Airlines, Inc., | (Involuntary Chapter 7) |
| Debtor. | |
| | Adv. No. _____ |
| CHRISTOPHER TORTORELLI and JENS SCHULZ, on behalf of themselves and all others similarly situated, | CLASS ACTION COMPLAINT VIOLATION OF WARN ACT |
| Plaintiffs | |
| v. | |
| EVERGREEN INTERNATIONAL AIRLINES, INC., EVERGREEN INTERNATIONAL AVIATION, INC., and EVERGREEN HOLDINGS INC., | |
| Defendants. | |

Plaintiffs CHRISTOPHER TORTORELLI and JENS SCHULZ ("Plaintiffs")[1] allege

on behalf of themselves and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. On or about November 27, 2013, defendants EVERGREEN INTERNATIONAL

AIRLINES, INC., EVERGREEN INTERNATIONAL AVIATION, INC., and EVERGREEN

HOLDINGS INC., ("Defendants" or "Evergreen") ordered mass layoffs and/or a plant closings

as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days

advance written notice under the 29 U.S.C. § 2101 *et seq.* (the "WARN Act") to its employees.

At or about the time of the aforementioned terminations, Defendant terminated approximately

160 other similarly situated employees at the 3850 Three Mile Lane, McMinnville Oregon

Facility and the John F. Kennedy International Airport, Jamaica, New York Facility, and more

than 300 additional employees nationwide (the "other similarly situated former employees").

---

[1] To date, undersigned counsel has been retained by more than 35 former employees.

2.   A petition for involuntary relief under Chapter 7 of the Bankruptcy Code was filed against Defendant Evergreen International Airlines, Inc. with the U.S. Bankruptcy Court for the Eastern District of New York thereby commencing the above-captioned Bankruptcy case (the "Bankruptcy Case") on December 18, 2013.  No order for relief has been granted in the Bankruptcy Case.  No trustee has been appointed in the Bankruptcy Case.  The Bankruptcy Case has neither been closed nor dismissed and is open and pending.

3.   The Plaintiffs bring this action on behalf of themselves, and approximately 160 other similarly-situated former employees who were terminated in mass layoffs or plant closings from Defendants' facilities on or about November 27, 2013, and within 90 days of that date.  These employees were not provided 60 days advance written notice of their terminations by Defendants, as required by the WARN Act.

4.   Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2101, from Defendants.  Plaintiffs' claim, as well as the claims of all similarly situated employees, are entitled to priority status pursuant to 11 U.S.C. (the "Bankruptcy Code") § 507(a)(4) and (5).

5.   Plaintiff filed an action alleging similar facts and seeking similar relief to this adversary proceeding on December 6, 2013 in United States District Court for the District of Oregon, Case No. 13-cv-02145.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

7.   This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

8.   Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and Bankruptcy Code §1409.

## THE PARTIES

### *Plaintiff*

9.   Mr. Tortorelli was employed by Evergreen and worked at its facility located at 3850 Three Mile Lane, McMinnville Oregon (the "Oregon Facility") until his termination on or about November 27, 2013.

10. Mr. Schulz was employed by Evergreen as a Senior Loadmaster, and worked at its facility located at John F. Kennedy International Airport, Jamaica, New York (the "New York Facility") until his termination on or about October 31, 2013.

### *Defendants*

11. Upon information and belief at all relevant times, Defendants maintained and operated their business at the Oregon Facility the New York Facility, and maintained and operated additional facilities, as that term is defined by the WARN Act (collectively the "Facilities").

12. Upon information and belief and at all relevant times, Defendants were Oregon Corporations with their principal place of business located at the Oregon Facility, and conducted business in this district.

13.      Upon information and belief, Defendant Evergreen International Holdings Inc. owns 100 percent of the shares of Evergreen International Aviation, Inc.

14.     Upon information and belief, Defendant Evergreen International Aviation, Inc.
owns 100 percent of the shares of Evergreen International Airlines, Inc. and Evergreen
Aviation Ground Logistics Enterprise, Inc. d/b/a Evergreen Eagle., both of which operated at
the New York Facility.

15.     Upon information and belief and at all relevant times, Defendant Evergreen
International Holdings Inc. is the ultimate owner of Evergreen International Aviation, Inc.,
Evergreen International Airlines, Inc. and Evergreen Aviation Ground Logistics Enterprise,
Inc.

16.     Upon information and belief, Defendants Evergreen International Holdings Inc.,
Evergreen International Aviation, Inc. and  Evergreen International Airlines, Inc. made the
decisions that gave rise to the terminations of the Plaintiffs and other similarly-situated former
employees in a mass layoff or plant closing without providing 60-days' advance notice.

## FEDERAL WARN ACT CLASS ALLEGATIONS

17. Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*
on their own behalf and on behalf of all other similarly situated former employees, pursuant to
29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), made
applicable pursuant to Federal Rules of Bankruptcy Procedure 7023,who worked at or reported
to one of Defendants' Facilities and were terminated without cause on or about November 27,
2013, and within 90 days of that date, or were terminated without cause as the reasonably
foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or
about November 27, 2013, and who are affected employees, within the meaning of
29 U.S.C. § 2101(a)(5) (the "WARN Class").

18. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

19. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

20. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendants.

21. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a)    whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

    (b)    whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c)    whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

22. The Plaintiffs' claim is typical of those of the WARN Class.  The Plaintiffs, like other WARN Class members, worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 27, 2013, or within 90 days of that date, due to the mass layoffs and/or plant closings ordered by Defendants.

23. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) made applicable to this adversary proceeding by Fed R. Bankr. P. 7023 because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATION

27. Plaintiff Jens Schultz (the "NY WARN Plaintiff") brings the Second Claim for Relief for violation of NYLL § 860 et seq., on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Fed. R. Civ. P. Rule 23(a) and (b), who

worked at or reported to Defendants' New York Facility and were terminated without cause on

or about November 27, 2013, and within 90 days of that date, or were terminated without

cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings

ordered by Defendants on or about November 27, 2013, and who are affected employees,

within the meaning of NYLL § 860-A (1), (4) and (6) (the "NY WARN Class").

28. The persons in the NY WARN Class identified above ("NY WARN Class

Members") are so numerous that joinder of all members is impracticable.  Although the precise

number of such persons is unknown, the facts on which the calculation of that number can be

based are presently within the sole control of Defendants.

29. On information and belief, the identity of the members of the class and the recent

residence address of each of the NY WARN Class Members is contained in the books and

records of Defendants.

30. On information and belief, the rate of pay and benefits that were being paid by

Defendants to each NY WARN Class Member at the time of his/her termination is contained

in the books and records of the Defendants.

31. Common questions of law and fact exist as to members of the NY WARN Class,

including, but not limited to, the following:

    (a) whether the members of the NY WARN Class were employees of the
        Defendants who worked in a covered site of employment of Defendants;

    (b) whether Defendants, unlawfully terminated the employment of the members
        of the NY WARN Class without cause on their part and without giving
        them 90 days advance written notice in violation of the WARN Act; and

    (c) whether Defendants unlawfully failed to pay the NY WARN Class members
        60 days wages and benefits as required by the WARN Act.

32. The NY Plaintiff's claim is typical of those of the NY WARN Class. The New York Plaintiff, like other NY WARN Class members, worked at or reported to Defendants' New York Facility and was terminated on or about October 31, 2013, due to the terminations ordered by Defendants.

33. The NY Plaintiff will fairly and adequately protect the interests of the NY WARN Class. He has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

34. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

35. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

36. The NY Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Fed. R. Civ. P. Rule 23.

## CLAIMS FOR RELIEF

### FEDERAL WARN ACT CLAIM FOR RELIEF

37. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

38. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

39. At all relevant times, Defendants were "employers," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

40. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

41. On or about November 27, 2013, the Defendants ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

42. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

43. The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

44. The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

45. Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

46. Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

47. The Plaintiffs are, and each of the Class Members is, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

48. Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

49. Since the Plaintiffs and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petitions and which arose as the result of the Defendants' violation of federal laws, Plaintiffs' and the Class Members' claims against Defendants are entitled to priority status pursuant to Bankruptcy Code § 507(a)(4) (5).

50. The relief sought in this proceeding is equitable in nature.

### NEW YORK WARN Act Claim for Relief

51. The NY Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all relevant times, Defendants were individual or private business entities defined as "employer" under the NY WARN Act and continued to operate as a business until it

decided to order a mass layoff or plant closing at the New York Facility as defined by § 860-A(3), (4).

53. On or about November 27, 2013, the Defendants ordered a mass layoff and/or plant closing at its Facilities as defined by § 860-A(3), (4).

54. The New York Plaintiff and the NY Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

55. Defendants were required by the NY WARN Act to give the NY Plaintiff and the NY Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

56. Defendants failed to give the Plaintiff and the NY Class Members written notice that complied with the requirements of the NY WARN Act.

57. Defendants failed to pay the NY Plaintiff and each of the NY Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

58. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

    A.  Certification of this action as a class action; and

    B.  Designation of the Plaintiffs as Class Representatives; and

C.  Appointment of the undersigned attorneys as Class Counsel; and

D.  A first priority administrative expense claim pursuant to 11 U.S.C. §

503(b)(1)(A) in favor of the Plaintiffs and the other similarly situated former

employees equal to the sum of: their unpaid wages, salary, commissions,

bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k)

contributions and other ERISA benefits, for 60 days, that would have been

covered and paid under the then-applicable employee benefit plans to the extent

that such back pay and benefits would have extended into the post-petition

period beginning November 27, 2013, all determined in accordance with the

WARN Acts, 29 U.S.C. § 2104 (a)(1)(A)(4) and the NYLL § 860-G(7), and, for

the period prior to the bankruptcy filing,  priority status, under 11 U.S.C. §

507(a)(4) and (5);or, alternatively, only priority status treatment under 11

U.S.C. § 507(a)(4) for the first $12,475 of each former employee's under 11

U.S.C. § 507(a)(4), and the remainder as a general unsecured claim; and

E.  An allowed administrative-expense priority claim under Bankruptcy Code

U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements

that the Plaintiff incurs in prosecuting this action, as authorized by the WARN

Act, 29 U.S.C. § 2104(a)(6); and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: December 20, 2013

René S. Roupinian
Jack A. Raisner

**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016

*Attorneys for Plaintiffs and the putative class*