PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Bradford J. Sandler
John W. Lucas

Attorneys for Alfred T. Giuliano, the chapter 7 trustee for the estate of, Evergreen International Airlines, Inc., among others, pending in the United States Bankruptcy Court for the District of Delaware

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　Evergreen International Airlines, Inc.,<br><br>　　　　　　　Debtor.[1] | Chapter 7<br><br>Case No.: 1:13-bk-47494 (NHL) |
| Christopher Tortorelli and Jens Schulz, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs<br><br>v.<br><br>Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., and Evergreen Holdings Inc.,<br><br>　　　　　　　Defendants. | Adv. Pro. No.: 1:13-01550 (NHL) |

**STIPULATION BETWEEN DEBTOR AND PLAINTIFFS REGARDING THE DISMISSAL OF THE ABOVE-CAPTIONED ADVERSARY PROCEEDING**

This stipulation (the "***Stipulation***") is made and entered into by Alfred T. Giuliano (the

"***Trustee***"), the Chapter 7 trustee of Evergreen International Airlines, Inc., a debtor (the

"***Debtor***") in a chapter 7 case pending in the United States Bankruptcy Court for the District of

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 7870. The Debtor's mailing address is 3850 Three Mile Lane McMinnville, Oregon 97128.

Delaware, and the plaintiffs (the "*Plaintiffs*" and together with the Trustee, the "*Parties*") that commenced the above-captioned adversary proceeding in the chapter 7 case (the "*New York Bankruptcy Case*") against the Debtor that is pending before Honorable Nancy H. Lord, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of New York, and hereby stipulate and agree as follows in accordance with the following facts and recitals:

## RECITALS

A.  On December 18, 2013, Five Towns Motor Inn, Inc, Sunrise One, LLC, and Aero Snow Removal Corp., (the "*Petitioning Creditors*" and together with the Trustee, the "*Parties*") commenced an involuntary chapter 7 case against the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "*Bankruptcy Court*").

B.  On December 20, 2013, an adversary proceeding (the "*New York Adversary Proceeding*"), case number 1:13-01550 (NHL), was commenced by the Plaintiffs against the Debtor, Evergreen International Aviation, Inc., and Evergreen Holdings Inc. Both Evergreen International Aviation, Inc., and Evergreen Holdings Inc. are affiliates of the Debtor (together, the "*Affiliates*"). By the complaint filed in the New York Adversary Proceeding, the Petitioning Creditors allege that the Debtor and Affiliates are liable for claims arising under 29 U.S.C. § 2101 et seq. (the "*WARN Act*") for failure to provide employees the appropriate termination notice required under the WARN Act.

C.  On December 31, 2013, the Debtor commenced a voluntary chapter 7 case in the United States Bankruptcy Court for the District of Delaware, Case Number 13-13363 (MFW) (the "*Delaware Bankruptcy Case*").

D.  On January 3, 2014, an adversary proceeding (the "*Delaware Adversary Proceeding*") that was identical to the New York Adversary Proceeding, case number Bankr. D. Del. No. 14-50001 (MFW), was commenced against the Debtor and Affiliates. By the complaint

filed in the Delaware Adversary Proceeding, the Plaintiffs allege that the Debtor and Affiliates are liable for claims arising under the WARN Act for failure to provide employees the appropriate termination notice required under the WARN Act.

E.    The plaintiffs of, and claims asserted in, the New York Adversary Proceeding are identical to the claims asserted in the Delaware Adversary Proceeding.

F.    The Parties agree that it is in the best interest of the Debtor's estate to dismiss the New York Adversary Proceeding because any claims asserted by the Plaintiffs in the New York Adversary Proceeding may be asserted in the Delaware Bankruptcy Case and Delaware Adversary Proceeding.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and both Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

1.    Upon execution of this stipulation by the Parties or their representatives and entry of an order by the Bankruptcy Court approving this Stipulation, New York Adversary Proceeding is dismissed with prejudice pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure.

2.    For the avoidance of doubt, the dismissal of the New York Adversary Proceeding shall in no way harm the rights, claims, and defenses of the Plaintiffs, any other party in interest, and the Trustee on behalf of the Debtor.

3.    Promptly after execution of this Stipulation by the Parties, the Trustee shall submit it for approval to the Bankruptcy Court.

4.    Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and

executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

5.      Each party to this Stipulation warrants and represents that the facts set forth herein are true and correct and that it has the power and authority to execute, deliver, and perform the respective obligations under this Stipulation.

6.      The Plaintiffs further represent that they have not transferred any claim (or any portion thereof) against the Debtor.

7.      This Stipulation contains the entire agreement among the Parties relating to the subject matter hereof and can only be amended or otherwise modified by a signed writing executed by the Parties.

8.      This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic (e-mail) transmission, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

9.      This Stipulation shall be governed by the laws of the State of New York and the Bankruptcy Code.

10. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 11, 2014

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler
John W. Lucas
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Email: bsandler@pszjlaw.com
jlucas@pszjlaw.com

*Proposed Counsel to Chapter 7 Trustee of Evergreen International Airlines, Inc.*

Dated: February 11, 2014

OUTTEN & GOLDEN LLP

*/s/ René S. Roupinian*
René S. Roupinian
Jack A. Raisner

*Counsel to the Plaintiffs*